UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JONATHAN ARROYO-MUÑÍZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, POLICÍA DE P.R., JOSÉ CALDERO-LÓPEZ, JUAN RODRÍGUEZ-DÁVILA, ISRAEL E. ROJAS-VELÁZQUEZ, MELITZA ESCALERA, WALDONAR ESTRADA, RAFAEL CHÁVEZ, NOEL CABÁN,<br><br>    Defendants. | Civil No. 14-1308 (JAF) |

**OPINION AND ORDER**

Plaintiff Jonathan Arroyo-Muñíz ("Arroyo-Muñíz" or "Plaintiff") is suing the following Defendants: the Commonwealth of Puerto Rico ("Commonwealth"), Policía de Puerto Rico ("Policía"), José Caldero-López ("Caldero-López"), Juan Rodríguez-Dávila ("Rodríguez-Dávila"), Israel E. Rojas-Velázquez ("Rojas-Velázquez"), Melitza Escalera ("Escalera"), Waldonar Estrada ("Estrada"), Rafael Chávez ("Chávez"), and Noel Cabán ("Cabán") (collectively "Defendants").  Arroyo-Muñíz is suing Defendants under "42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution, as well as under the Constitution and laws of Puerto Rico." (Docket No. 18 at 1.)  Defendants ask that we dismiss the complaint.  (Docket Nos. 24, 28.)  For the following reasons, we find that the complaint is time-barred and we, therefore, grant the dismissal.

**I.**

**Background**

When considering a motion to dismiss, we must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *Rodríguez-Ramos v. Hernández-Gregorat*, 685 F.3d 34, 39-40 (1st Cir. 2010) (internal citation omitted). Therefore, to the extent that any facts are disputed, the facts set forth below represent Arroyo-Muñíz's version. Although Plaintiff references other disputes with other parties, we only set forth the portion of the facts that relate to Arroyo-Muñíz.

The morning of January 19, 2013, Arroyo-Muñíz drove his car through Jobos Road in Isabela, Puerto Rico. Two officers ordered him to stop his vehicle and produce his driver's license, but Arroyo-Muñíz did not have his license, so the officers wrote him two traffic tickets. The police officers allegedly said that they wanted to arrest Arroyo-Muñíz for being an illegal alien. Arroyo-Muñíz told them that he was a resident of Isabela and the officers allegedly agreed to escort him to his house to obtain the driver's license. However, Arroyo-Muñíz alleges that, as soon as he started the engine of his car and began to move forward, suddenly, and without explanation, two vans full of police officers stopped in front of his car and blocked it from proceeding. Then, one officer allegedly pointed a gun at Arroyo-Muñíz and ordered him to step out of the car. Arroyo-Muñíz stepped out of his car with his arms raised above his head and the police officers allegedly assaulted and attacked him, and handcuffed his wrists so tightly that they

Civil No. 14-1308 (JAF)                                                                                              -3-

caused him permanent injuries resulting in permanent impairment. (Docket No. 18 at 7-8.)

Arroyo-Muñíz alleges that he was then arrested and taken to the Isabela police station. He alleges that he requested a phone call and invoked his right to have an attorney, but that the officers refused his requests. Arroyo-Muñíz was then placed in a jail cell. He alleges that he was stripped, that an officer touched his genitalia, and that other police officers mocked him. He alleges that Escalera told him "this is what happened when you mess with a police officer" (sic), and that she was referring to an administrative complaint that Arroyo-Muñíz filed against her a few years earlier in which he alleged that she had failed to process a complaint. Arroyo-Muñíz was released from jail at approximately 8:00 p.m. (Docket No. 18 at 8.)

In his complaint, Arroyo-Muñíz alleges that there were "violent actions committed by" defendants Escalera, Estrada, Chávez, and Cabán, but, other than Escalera, he does not specifically link any acts to an individual. (Docket No. 18 at 8.) Arroyo-Muñíz alleges that Caldero-López, Rodríguez-Dávila, and Rojas-Velázquez took no action to discipline any of the defendants. (Docket No. 18 at 8.) He further alleges, without specificity, that his daily activities have been considerably limited, inasmuch as he is "precluded from performing normal activities, as they will worsen the degree of constant pain he suffers," that he has undergone "multiple physical therapies," and that "he is under constant and severe pain, in spite of medical treatment, which has included medication and physical therapies." (Docket No. 18 at 10.)

On April 12, 2013, Arroyo-Muñíz sent a "Notification of civil action against the Puerto Rico's Police Department" by certified mail. Arroyo-Muñíz does not attach a certified mail receipt, but he submits a copy of the letter, which we have designated as Attachment 1 of this Opinion and Order. (Docket No. 30-1.)[1] The letter is addressed to "Superintendente Héctor M. Pesquera" and is copied to "Puerto Rico's Department of Justice, p/c/d Secretary of Justice, Lcd. Luis Sánchez Betances." (Docket No. 30-1.) In the body of the letter, only Escalera is mentioned by name. The letter references "a violation of [Arroyo-Muñíz's] constitutional and civil rights," under Puerto Rico's Civil Code, article 1802, 31 L.P.R.A. § 5141, and in it, Arroyo-Muñíz demands compensation of "no less than five million dollars ($5,000,000.00)." He states that if he does not receive that amount, he "will not have other choice than to file the respecting civil claim at the Federal District Court, for the District of Puerto Rico or after the local Courts in Puerto Rico." (Docket No. 30-1) (sic).

On April 11, 2014, Arroyo-Muñíz filed a complaint *pro se* against Defendants along with a motion to appoint counsel. (Docket Nos. 2, 3.) We granted his motion for counsel. On July 24, 2014, Arroyo-Muñíz filed an amended complaint through his appointed lawyer. (Docket No. 18.) On September 29, 2014, Caldero-López and Rodríguez-Davila filed a motion to dismiss for failure to state a claim. (Docket No. 24.) Cabán, Chávez, and Rojas-Velázquez asked to join the prior motion to dismiss, and we granted their request. (Docket Nos. 27, 29.) On October 20, 2014, Cabán, Chávez, and

---

[1] We do not examine the necessity of a certified mail receipt because, even if properly mailed, this letter does not rescue Arroyo-Muñíz's claims.

Rojas-Velázquez filed another motion to dismiss for failure to state a claim. (Docket No. 28.) Arroyo-Muñíz replied in opposition to both motions on October 31, 2014. (Docket No. 30.) On November 13, 2014, Defendants filed a reply. (Docket No. 33.)

## II.

## **Time Bar**

In Puerto Rico, claims brought under 42 U.S.C. § 1983 are subject to a one-year statute of limitations. *Morales-Tañon v. Puerto Rico Elec. Power Authority*, 524 F.3d 15, 18 (1st Cir. 2008). The statute of limitations "begins to run when the injury occurs, even if the plaintiff did not know of the discriminatory animus at that time." *Id.* In claims for false imprisonment, the statute of limitations begins to run when the alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). In this case, the statute of limitations began to run on January 19, 2013, the date on which Arroyo-Muñíz's rights were allegedly violated, and also the day on which he was released from jail. (Docket No. 18.)

Pursuant to Article 1873 of the Puerto Rico Civil Code, a plaintiff can interrupt the prescriptive period in one of three ways: By instituting an action "before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor." *Tokyo Marine and Fire Ins. Co. Ltd. v. Perez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1, 4 (1st Cir. 1998) (quoting P.R. Laws Ann. Tit. 31, § 5303 (official translation 1991)).[2] Arroyo-Muñíz alleges that he interrupted the prescriptive period by the second

---

[2] We note that although the English translation of the Puerto Rico Laws uses the terms "creditor" and "debtor," the laws refer to general tortfeasors and victims, not only to those disputing contracts.

means -- extrajudicial claim of the creditor. (Docket No 30.) However, the prescriptive period is only interrupted if the "[extrajudicial] letter is 'identical' to a subsequently filed complaint." *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 114 (1st Cir. 2009) (internal citation omitted). This identicality requirement demands that: (1) the extrajudicial letter and the later complaint "must seek the same form of relief"; (2) "'[t]he causes of action asserted [in the complaint] must be based on the same substantive claims as asserted in the extrajudicial letter"; and (3) provided that the claim is not rescued on other grounds, the claims "must be asserted against the same defendants in the same capacities." *Id.* (internal citations omitted). Arroyo-Muñíz's letter, included as Attachment 1 to this Opinion and Order, does not meet these requirements.

The causes of action in Arroyo-Muñíz's complaint are not based on the substantive claims asserted in his extrajudicial letter, because Arroyo-Muñíz's letter did not sufficiently detail a claim for supervisory liability. Arroyo-Muñíz addressed his letter to the Puerto Rico Police Department; Superintendente Héctor M. Pesquera; and the Secretary of Justice, Luis Sánchez-Betances. (Docket No. 30-1.) However, as in the case of *Santana-Castro*, Arroyo-Muñíz's extrajudicial letter,

> [f]ailed to assert, even remotely, the factual allegations supporting supervisory liability that ultimately were raised in the complaint. Instead, the letter recounted Arroyo-Muñíz's version of the events […] alleging that the actions and/or omissions of the officers who perpetrated the violence against him caused damages and losses.

(Docket No. 30-1); *Santana-Castro v. Toledo-Davila*, 579 F.3d at 116. Such a letter is insufficient to put supervisors on sufficient notice that they are defending against a supervisory liability claim. *See Santana-Castro v. Toledo-Davila*, 579 F.3d at 116.

Arroyo-Muñíz's claims against the on-scene officers also fail because the extrajudicial letter was not directed to the police officers in their individual capacities. Actually, no extrajudicial claim was made directly against them. The body of the letter mentions Escalera, but it is not addressed to her, and the other agents are never mentioned by name. (Docket No. 30-1); *see Rodriguez Narvaez*, 895 F.2d 38, 44 (1st Cir. 1990). As in *Santana-Castro*, "the letter was addressed only to [the Superintendent] and [Plaintiff does] not allege that the on-scene officers accused of perpetrating the attack knew about the letter or its contents. This is fatal to [Plaintiff's] claim." *Santana-Castro v. Toledo-Davila*, 579 F.3d at 116.

Therefore, Arroyo-Muñíz's letter fails to toll the statute of limitations on any of his claims, and his suit is time-barred. We lack jurisdiction to resolve this manner.

### III.

### Conclusion

For the foregoing reasons, both the federal claims and the Commonwealth claims in Arroyo-Muñíz's complaint (Docket No. 18) are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of December, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE